```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DEREK ANDERSON,**

                              **Plaintiff,**

                                                          **CIVIL ACTION**
        **vs.**                                                         **No. 11-3165-SAC**

**JOHN M. STACHELL, et al.,**

                              **Defendants.**


<u>ORDER</u>

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff also requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. On February 2, 2012, the court denied plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C.§ 1915, based upon plaintiff's failure to pay the initial partial filing fee assessed by the court pursuant to 28 U.S.C. § 1915(b)(1). The court also dismissed the complaint without prejudice, based upon plaintiff's failure to satisfy the district court filing fee requirement.

*Motion for Reconsideration*

Before the court is plaintiff's motion for reconsideration, claiming error in the dismissal of his complaint, and citing his payment of the assessed initial partial filing fee. Court records support plaintiff's claim, and have now been corrected to reflect plaintiff's payment of the initial partial filing fee. Accordingly,

plaintiff's motion for reconsideration, construed by the court as a timely filed motion to alter or amend judgment, is granted. The order and judgment entered on February 2, 2012, are set aside, and this matter is thereby reopened.

### *Reopened Motions*

Plaintiff's reopened motion for leave to proceed in forma pauperis is granted, with payment of the remainder of the $350.00 district corut filing fee through automatic payments from plaintiff's inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

Plaintiff's reopened motion for appointment of counsel (Doc. 4) is denied without prejudice at this time.

### *Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, plaintiff alleges the medication prescribed by Dr. Satchell was ineffective in reducing plaintiff's pain from knee arthritis, and that Dr. Satchell refused to offer plaintiff an elastic knee brace that had been provided plaintiff on previous occasions by prison medical staff.  Plaintiff contends Dr. Satchell acted with deliberate indifference to plaintiff's medical needs, and as a result plaintiff now limps and cannot squat or bend easily.

Plaintiff cites a complaint he submitted to the Kansas Board of Healing Arts about Dr. Satchell, and a copy of the Board's response finding no actionable violation of the laws enforced by the Board.

Also attached to the complaint is a copy of plaintiff's "emergency grievance" dated February 11, 2011, wherein plaintiff complained that Nurse Borkor refused to provide documentation of his medical condition for purposes of plaintiff showing that he needed a medical restriction.  The February 19, 2011, response indicated that plaintiff has a medical restriction on the computer, and that staff will be consulted about plaintiff's work assignment. Plaintiff identifies no administrative appeal involving that grievance, or any other attempt to seek administrative relief regarding his medical care.

On these allegations, plaintiff seeks a variety of damages for

the denial of his request for a prosthetic knee brace as previously prescribed by other medical staff, and for the unnecessary and wanton infliction of pain. The defendants named in the complaint are Dr. Satchell and Nurse Bokor.[1]

Having reviewed plaintiff's allegations, the court finds no actionable federal claim is presented that would entitle plaintiff to relief under § 1983.

The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmate's safety." *Barney v. Pulsipher*, 153 F.3d 1299, 1310 (10th Cir.1998). Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)(internal quotation marks omitted). However, allegations of "an inadvertent failure to provide adequate medical care," or "that a physician has been negligent in diagnosing or treating a medical condition," are insufficient to state a valid claim of medical mistreatment under the Eighth Amendment. *Id.* at

---

[1] Plaintiff also includes the Kansas Board of Healing Arts in the caption of the complaint, but does not separately identify the Board as one of the parties in this action. This ambiguity resulted in the inclusion of the Board as a defendant on the docket sheet. The court summarily dismisses this defendant as there is no factual or legal basis for any actionable claim against this defendant under § 1983, and plaintiff's claim for damages from this state entity is barred by the Eleventh Amendment. *See Taliaferro v. Kansas State Bd. of Healing Arts,* 1991 WL 80140 (D.Kan.1991)(unpublished); *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 449 (1968).

105-06.

In the present case, plaintiff's disagreement with staff regarding the medical care provided, and any implied claim of negligence and medical malpractice, present no cognizable constitutional claim.  *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir.1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").  Plaintiff also fails to identify any substantial harm resulting from the alleged delay of medical treatment.  *See White v. Colo.*, 82 F.3d 364, 366-67 (10th Cir.1996)(delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993)(same).

**Notice and Show Cause Order to Plaintiff**

Accordingly, plaintiff is hereby directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 9), construed by the court as a timely filed motion to alter or amend the judgment, is granted in that the final

order and judgment entered on February 3, 2012, is set aside, and this matter is reopened.

IT IS FURTHER ORDERED that plaintiff's reopened motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's reopened motion for appointment of counsel (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED that the Kansas Board of Healing Arts, named as a defendant in the docket sheet, is dismissed as a party in this action.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 27th day of June 2012 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge