IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEREK D. ANDERSON,

                Plaintiff,

                                      CIVIL ACTION
    vs.                                No. 11-3165-SAC

JOHN M. STACHELL, et al.,

                Defendants.

ORDER

Plaintiff, an inmate in the custody of the Kansas Department of Corrections (KDOC), proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983. On June 27, 2012, the court reviewed the record and directed plaintiff to show cause why the complaint should not be summarily dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed plaintiff's response, the court dismisses the complaint without prejudice.

In his complaint, plaintiff contends Dr. Satchell at the Lansing Correctional Facility acted with deliberate indifference to plaintiff's medical need for more effective medication and an elastic knee brace. Plaintiff stated he exhausted administrative remedies by filing a complaint against Dr. Satchell with the Kansas Board of Healing Arts (KBHA), which found no actionable violation of the laws

1

enforced by the KBHA.

Plaintiff also claimed Nurse Bokor at the El Dorado Correctional Facility acted with deliberate indifference to his medical needs by refusing to provide plaintiff with medical documentation of plaintiff's work restriction. Plaintiff stated he exhausted administrative remedies on this claim by filing an "emergency grievance" which the Unit Team Counselor answered, telling plaintiff that he had a medical restriction on the computer and that staff would be consulted about plaintiff's work assignment.

The court reviewed the complaint and dismissed the KBHR as a party defendant. The court next found plaintiff's allegations against the remaining two defendants (Satchell and Bokor) sounded in negligence or disagreement with the care provided which presented no actionable federal claim that would entitle plaintiff to relief under § 1983. The court further found dismissal of the complaint was warranted because it was clear on the face of the complaint that plaintiff had not exhausted available administrative remedies on his allegations against either remaining defendant. See 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The court thus directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

In response,[1] plaintiff insists in part[2] that he fully exhausted administrative remedies by filing a complaint before the KBHA regarding Dr. Satchell, and by filing an "emergency grievance" regarding Nurse Bokor.  It remains patently clear on the face of plaintiff's pleadings, however, that neither constitutes plaintiff's compliance with § 1997e(a).

Plaintiff's complaint to the KBHA did not engage an assessment by KDOC officials of plaintiff's claims, or an opportunity for prison staff to take corrective action if needed.  *See Jones v. Bock*, 549 U.S. 199, 219 (2007)(purposes of § 1997e(a) exhaustion requirement include allowing prison officials to address complaints); *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)(a key purpose of § 1997e(a) exhaustion requirement is to make sure "the prison grievance system is given a fair opportunity to consider the grievance").

It is also plain that plaintiff's designation of his grievance regarding Nurse Bokor as an "emergency grievance" intended for direct consideration by the KDOC Secretary was instead treated by prison staff as a regular grievance to which the Unit Team responded. Plaintiff thus had the opportunity to appeal the Unit Team's answer but failed to do so.  Full and proper compliance with the available administrative grievance process is required to satisfy § 1997e(a).

---

[1] The court liberally construes plaintiff's pro se pleading tilted as a "Motion to Show Cause" as plaintiff's response to the show cause order entered on June 27, 2012.

[2] Plaintiff also contends that his allegations are sufficient to find more than negligence and mere disagreement over care, that Dr. Satchell failed to provide any valid reason for deviating from previously prescribed treatment, and that defendants failed to comply with plaintiff's reading of specific prison regulations addressing medical care.

*Jones*, 549 U.S. at 218.  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002).

The court thus finds the complaint should be dismissed without prejudice pursuant to 42 U.S.C. § 1997(e)(a) without deciding plaintiff's claims on the merits.  *Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir.2011); *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir.2005).

IT IS THEREFORE ORDERED that plaintiff's pro se "Motion to Show Cause" (Doc. 11) is not a proper motion, and is construed by the court as plaintiff's response to the show cause order entered on June 27, 2012.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a), and that plaintiff's motions for service of alias summons (Docs. 12 and 13) are thereby moot.

**IT IS SO ORDERED.**

DATED:  This 7th day of November 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
